## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMBER HIBBARD,<br>Individually, and on behalf of all those similarly situated,<br><br>　　　Plaintiff,<br><br>v.<br><br>GENTLE ANGELS CAREGIVING SERVICES LLC,<br><br>　　　Defendants. | Case No.<br><br><br>JURY TRIAL DEMANDED |

### VERIFIED COLLECTIVE ACTION AND CLASS ACTION COMPLAINT

NOW COMES Plaintiff, Amber Hibbard, by and through her attorney, David M. Manes, Esq. of Manes & Narahari LLC, and respectfully submits this Verified Collective Action and Class Action Complaint on behalf of herself and all those similarly situated, averring as follows:

### SUMMARY

1. Plaintiff brings this Collective Action and Class Action to recover damages for Defendants' unlawful denial of wages of over 100 employees, depriving them of appropriate compensation of hours worked to which they should have been entitled during their employment.

### JURISDICTION AND VENUE

2. This action arises under the Fair Labor Standards Act, 29 U.S.C. §201, et seq. ("FLSA") and the Pennsylvania Minimum Wage Act, 43 Pa.C.S.A. §333.104, et seq. ("PMWA"), and the Pennsylvania Wage Payment and Collection Law, 43 Pa.C.S.A. §260.1, et seq ("WPCL").

3. This Court specifically has jurisdiction over FLSA claims pursuant to 29 U.S.C. §216(b).

4. This Court also has federal question jurisdiction pursuant to 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

6. Plaintiff is a resident and citizen of Pennsylvania, a substantial part of the events or omissions giving rise to the claims occurred in Western Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

7. Plaintiff Amber Hibbard ("Hibbard") is an adult individual with a primary residence located at 16 Oliver Heights, Uniontown, PA 15401.

8. Defendant Gentle Angels Caregiving Services LLC ("Gentle Angels") is a Domestic Limited Liability Company with a business address of 104 Filbert Street, Uniontown, PA 15401.

## FACTS SPECIFIC TO PLAINTIFF AMBER HIBBARD

9. Plaintiff, Amber Hibbard, began working for Defendant in February 3, 2023 as a Direct Care Worker.

10. Defendant is run by Gerald Goldsmith.

11. Plaintiff was hired at a rate of $14 per hour for approximately 40 hours per week.

12. However, plaintiff regularly worked approximately 60 hours per week.

13. Plaintiff complained numerous times to Rachel Pike, office manager, about not being paid overtime.

14. Ms. Pike explained to Plaintiff that she informed Gerald numerous times that he was going to get in trouble for not paying overtime and he ignored their warnings.

15. Plaintiff was paid through payroll for the first 40 hours a week she worked and paid by a payroll check the following Thursday for the remaining 20 hours per week.

16. The state picked up on it when they went through payroll and gave him a warning that he was required to pay overtime.

17. Plaintiff confronted Gerald and he said that he could either cut her hours or she could find someone she trusts to be put on payroll as a fake ghost employee, still at the regular rate not the overtime rate.

18. In the Plaintiff's case, for one example during the pay period of April 1, 2023 through April 14, 2023, she was paid for 80 hours. Over the span of two weeks her time worked would have been approximately 120 hours. If Plaintiff was paid for appropriately for her time, she would have been entitled to overtime wages.

## CLASS ACTION ALLEGATIONS

19. The named Plaintiff is an individual who, within the applicable period of limitations prior to the commencement of this action, was employed by Gentle Angels. Plaintiff brings this case as a class action pursuant to Pennsylvania Rules of Civil Procedure 1701, et seq., and a collective action pursuant to the FLSA on behalf of a Class consisting of: all current and former Direct Care Workers and Caregivers, hourly employees of Gentle Angels residing in the Commonwealth of Pennsylvania who were employed by Defendants during the period from February 2023 to the date of resolution of this case ("the Class").

20. Gentle Angels acted as employer of the Plaintiff and the Class.

21. Gentle Angels and Gerald Goldsmith participated in implementing and/or enforcing employment policies that affected Plaintiff and the Class, including but not limited to, whether such employees would be compensated for overtime work.

22. Plaintiff's claims are typical of the claims of the Class members because she was a Direct Care Worker hourly employee who, like the Class members, sustained damages arising out of Defendants campaign to not pay overtime.

23. Employees are easily identifiable in the records of Defendant, and they are distinct from other classes of workers Defendant employs who were not affected by the common scheme of Defendant to fail to pay employees a fair overtime rate.

24. Direct Care Workers/Caregivers and Plaintiff are all similarly situated, with comparable job titles, descriptions, and daily activities; Direct Care Workers/Caregivers and Plaintiff are particularly similarly situated with regard to the implementation of the common scheme of Defendant failing to pay employees a fair overtime rate.

25. Defendant did not fail to pay only Plaintiff or only a small group of hourly employees overtime pay; rather, their common scheme to fail to pay Direct Care Worker/Caregiver employees overtime pay applied to all Class members.

26. Plaintiff will fairly and adequately protect the interests of the Class members. Plaintiff has retained counsel competent and experienced in complex, class action and collective action litigation.

27. Common questions of law and fact exist as to all Class members and predominate over any questions solely affecting individual Class members. Among the questions of law and fact common to Plaintiff and the Class are:

    a. Whether the work performed by Plaintiff and the Class is included in the type of work Gentle Angels employed Plaintiff and the Class to perform;

    b. Whether Defendant has engaged in a pattern and/or practice in Pennsylvania of failing to pay employees at their 1.5X overtime rate;

    c. Whether Defendant has failed to keep true and accurate time records for all hours worked by its employees as required by Gentle Angel policies and the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.108;

    d. Whether Gentle Angels failed to pay Plaintiff and the Class for the overtime work the Defendant authorized;

    e. Whether Defendants violated the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.104;

    f. Whether Defendants violated the Pennsylvania Wage Payment and Collection Law, 43. P.S. § 260.1 et seq.: and;

    g. The nature and extent of class-wide injury and the measure of damages for the injury.

28. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Class is readily identifiable from the Defendant's records.

29. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant.

30. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impractical. Furthermore, the amounts at stake

for many of the Class members, while substantial, are not great enough to enable them to maintain separate suits against Defendant.

31. Without a class action, Defendant will likely retain the benefit of their wrongdoing and will continue a course of action, which will result in further damages to Plaintiff and the Class. Plaintiff envisions no difficulty in the management of this action as a class action.

32. Beginning at a date unknown to Plaintiff, Defendants committed acts of wage abuse against its hourly employees by failing to pay Plaintiff and the Class at an overtime rate.

33. Plaintiff and the Class were Direct Care Workers/Caregivers for the Defendant.

34. Class members were affected by Defendant's scheme to not pay employees the overtime rate they were entitled to.

35. Employees are given an approved shift, then told that they would only get paid at a regular rate, not an overtime rate, or their hours would be cut.

36. Plaintiff had conversations with numerous employees regarding the same issue and was repeatedly told the same policy.

37. Plaintiff and the Class were not paid fairly for their overtime hours, they were authorized to work. Plaintiff and the Class were not compensated at a rate of at least minimum wage for that time.

38. On information and belief, it is alleged that Defendant willfully allowed employees to work overtime hours and refused to pay the required overtime rate.

39. Plaintiff and the Class frequently worked in excess of 40 hours per week, and were not compensated an overtime wage for all overtime hours they worked during a given work week.

40. On information and belief, it is alleged that Defendant's policy of allowing employees to work overtime and only pay a regular pay rate, not overtime, applied to all Direct Care Workers/Caregiviers in the same way it was applied to Plaintiff.

41. Defendants were fully aware of relevant state and federal laws regarding proper compensation of employees, and they willfully chose to ignore overtime hours and solely pay regular rate pay.

## COUNT I
## Collective Action under the FLSA

42. The above paragraphs are incorporated here by reference.

43. This action is brought as a collective action brought by Ms. Hibbard as one of a class of hundreds of Gentle Angels workers who were denied wages under the FLSA.

44. The other similarly situated workers who were denied wages can be easily identified and contacted by an examination of Defendant's business records to inform them of this collective action and give them the opportunity to opt in.

45. Key questions of the fact and law are common to all members of the Class, which predominate over any questions which affect only individual members of the Class, including *inter alia*, the following:

   a. What wages the Defendants failed to pay to its workers in violation of the FLSA;

   b. What actual damages Class members are entitled to; and

   c. What liquidated/punitive damages Class members are entitled to.

46. Hibbard's claims are typical of the claims of other members of the Class which she seeks to represent, in that all similarly situated individuals were unfairly compensated while employed by Defendants.

47. Hibbard will fairly and adequately protect the interests of the members of the Class, and Hibbard has no interests which are averse to the interests of the Class. This is evidenced by the fact that any rulings in favor of Hibbard would be rulings that would benefit any other member of the Class.

48. Hibbard has retained competent counsel, with experience handling similar actions.

49. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since separate lawsuits for each member of the Class is impractical. Even if individual Class members could afford to pursue their own individual cases,

   a. It would be unduly burdensome to the courts;
   b. It would result in significant delays; and
   c. It would increase expenses to all parties.

50. In the interest of judicial economy, a collective action is the appropriate method to bring Count I of this action.

51. Gentle Angels is an employer within the meaning of the FLSA.

52. Plaintiff is an employee within the meaning of the FLSA.

53. The Class are employees within the meaning of the FLSA.

54. As described above, Defendants willfully failed to pay wages to the Class members during their employment, in violation of the FLSA.

55. Defendants knew that their conduct violated the FLSA or recklessly disregarded the protections set forth in the FLSA for workers.

56. On information and belief, Defendant has been put on specific notice before that their conduct violated the FLSA, yet they continued to withhold overtime pay.

57. On information and belief, Defendant has discussed and considered whether to pay employees overtime pay, and Defendant has willfully decided not to pay for such time, knowing it was in violation of the FLSA.

## COUNT II
**Class Action Under the PMWA**

58. The above paragraphs are incorporated here by reference.

59. This action is also brought individually and as a Rule 23 class action by Ms. Hibbard as one of a class of Gentle Angels workers in Pennsylvania who were unlawfully denied wages due under the PMWA.

60. The proposed Class is defined as:

> All individuals presently or formerly employed by Defendants in Pennsylvania at any time in the last three years who were (i) denied wages at their regular rate of pay for hours worked.

61. The other similarly situated workers who were denied wages can be easily identified and contacted by an examination of Defendant's business records to inform them of this class action.

62. Key questions of the fact and law are common to all members of the Class, which predominate over any questions which affect only individual members of the Class, including *inter alia*, the following:

   a. What wages the Defendants failed to pay to its workers in violation of the PMWA;

   b. What actual damages Class members are entitled to; and

   c. What liquidated/punitive damages Class members are entitled to.

63. Hibbard's claims are typical of the claims of other members of the Class which she seeks to represent, in that all similarly situated individuals were misclassified while employed by Defendants.

64. Hibbard will fairly and adequately protect the interests of the members of the Class, and Hibbard has no interests which are averse to the interests of the Class. This is evidenced by the fact that any rulings in favor of Hibbard would be rulings that would benefit any other member of the Class.

65. Hibbard has retained competent counsel, with experience handling similar actions.

66. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since separate lawsuits for each member of the Class is impractical. Even if individual Class members could afford to pursue their own individual cases,

    a. It would be unduly burdensome to the courts;

    b. It would result in significant delays; and

    c. It would increase expenses to all parties.

67. In the interest of judicial economy, a class action is the appropriate method to bring this action.

68. Gentle Angels is an employer within the meaning of the PMWA.

69. Plaintiff is an employee within the meaning of the PMWA.

70. The Class are employees within the meaning of the PMWA.

71. Defendants failed to maintain accurate records of the time Plaintiff and Class members actually worked.

72. Members of the Class have a contractual entitlement to be paid a certain hourly rate for the time they actually worked for Defendants.

73. As described above, Defendants willfully failed to pay wages to the Class members during their employment, in violation of the PMWA.

## COUNT III
## Class Action Under the WPCL

74. The above paragraphs are incorporated here by reference.

75. This action is also brought individually and as a Rule 23 class action by Ms. Hibbard as one of a class of Gentle Angels workers in Pennsylvania who were unlawfully denied wages due under the WPCL.

76. The proposed Class is defined as:

> All individuals presently or formerly employed by Defendants in Pennsylvania at any time in the last three years who were (i) denied wages at their regular rate of pay for hours worked.

77. The other similarly situated workers who were denied wages can be easily identified and contacted by an examination of Defendant's business records to inform them of this class action.

78. Key questions of the fact and law are common to all members of the Class, which predominate over any questions which affect only individual members of the Class, including *inter alia*, the following:

   a. What wages the Defendants failed to pay to its workers in violation of the WPCL;

   b. What actual damages Class members are entitled to; and

   c. What liquidated/punitive damages Class members are entitled to.

79. Hibbard's claims are typical of the claims of other members of the Class which she seeks to represent, in that all similarly situated individuals were misclassified while employed by Defendants.

80. Hibbard will fairly and adequately protect the interests of the members of the Class, and Hibbard has no interests which are averse to the interests of the Class. This is evidenced by the fact that any rulings in favor of Hibbard would be rulings that would benefit any other member of the Class.

81. Hibbard has retained competent counsel, with experience handling similar actions.

82. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since separate lawsuits for each member of the Class is impractical. Even if individual Class members could afford to pursue their own individual cases,

   a. It would be unduly burdensome to the courts;

   b. It would result in significant delays; and

   c. It would increase expenses to all parties.

83. In the interest of judicial economy, a class action is the appropriate method to bring this action.

84. Gentle Angels is an employer within the meaning of the WPCL.

85. Plaintiff is an employee within the meaning of the WPCL.

86. The Class are employees within the meaning of the WPCL.

87. Defendants failed to maintain accurate records of the time Plaintiff and Class members actually worked.

88. Members of the Class have a contractual entitlement to be paid a certain hourly rate for the time they actually worked for Defendants.

89. As described above, Defendants willfully failed to pay wages to the Class members during their employment, in violation of the WPCL.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff hereby respectfully requests that this Court certify a collective action under Count I and a class action under Count II, and Count III, enter judgement in her favor, an in favor of all those similarly situated against the Defendants, and award all damages available at law in equity, including:

a. Unpaid wages for hours actually worked;

b. Liquidated damages under the FLSA in an amount of 100% of unpaid wages;

c. Liquidated damages under the WPCL in an amount of 25% of unpaid wages or $500 per Class member, whichever is greater;

d. Attorney's fees and costs;

e. Prejudgment and continuing interest; and

f. Any other relief that the Court deems necessary and proper.

Respectfully Submitted,

/s/ David M. Manes
**David M. Manes, Esq.**
PA ID No. 314661

**MANES & NARAHARI, LLC**
One Oxford Centre
301 Grant St, Suite 270
Pittsburgh, PA 15219
(412) 626-5570 Direct
(412) 650-4845 Fax
dm@manesnarahari.com

## **VERIFICATION**

I, Amber Hibbard, make this verification and state the averments of fact set forth in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief.

I understand that the statements therein are made subject to the penalty of perjury under the laws of the United States of America.

*[signature]*
_____
Amber Hibbard